0IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MICHAEL MANNING, AS THE ADMINISTRATOR OF THE ESTATE OF TERENCE CRUTCHER, SR., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 17-CV- 336-TCK-FHM ) |
| (1) CITY OF TULSA A municipal corporation, | ) ) ) |
| (2) BETTY JO SHELBY, individually, | ) ) ) |
| (3) TYLER TURNBOUGH, individually, | ) ) ) ) |
| (4) CHARLES W. JORDAN, individually | ) ) ) ) |
| Defendants. | ) |

## ANSWER OF BETTY JO SHELBY TO PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW the Defendant, Betty Jo Shelby, in her individual capacity, (hereinafter "Defendant" or "Defendant Shelby"), by and through her attorneys of record, Scott B. Wood and Shannon McMurray, and in answer to Plaintiff's Third Amended Complaint, hereby denies each and every allegation set forth therein, except for those material allegations admitted herein, alleges and states as follows:

1. Defendant admits this court has jurisdiction and venue is proper, as alleged in paragraphs 1 and 2 of Plaintiff's Third Amended Complaint. Defendant denies any constitutional deprivations occurred in this case as referenced in paragraph 1.

1

2.  Defendant is without sufficient information to form a belief as to the allegations made in paragraph 3 of Plaintiff's Third Amended Complaint, and therefore the same are denied.

3.  The allegations contained in paragraphs 4, 6, and 7 of Plaintiff's Third Amended Complaint are not directed toward this answering Defendant and require no response.

4.  Defendant admits the allegations contained in paragraph 5 of Plaintiff's Third Amended Complaint.

5.  Defendant is without sufficient information to form a belief as to the allegations contained in paragraphs 8 and 9 of Plaintiff's Third Amended Complaint, and therefore denies the same.

6.  Defendant is without sufficient information to form a belief as to the allegations contained in the first sentence of paragraph 10 of Plaintiff's Third Amended Complaint, and therefore denies the same. Defendant admits she found an SUV running in the middle of 36 Street North as alleged in the second sentence of paragraph 10. The remaining allegations of paragraph 10 are denied as the times asserted by Plaintiff are incorrect.

7.  Defendant admits that she cleared the SUV as alleged in paragraph 11 of Plaintiff's Third Amended Complaint but denies she did so by only looking from the driver's side of the truck.

8.  Defendant admits she engaged Plaintiff's decedent and did not know his name or why he was on 36th Street North as alleged in paragraph 12 of Plaintiff's Third Amended Complaint but Defendant Shelby did know his background to the extent she suspected

he was intoxicated in public based on her previous observation of him at the intersection of 2300 E. 36th Street North.

9.  Defendant admits the allegations contained in paragraph 13, 14, and 15 of Plaintiff's Third Amended Complaint.

10. Defendant admits at some point she radioed for backup and at some time later pointed her gun at Mr. Crutcher, as alleged in paragraph 16 of Plaintiff's Third Amended Complaint.  Defendant denies the allegation that she did those things as a result of the facts admitted in paragraph 13, 14, and 15.

11. Defendant denies the allegations contained in paragraph 17 of Plaintiff's Third Amended Complaint.

12. Defendant admits the allegations contained in paragraphs 18 of Plaintiff's Third Amended Complaint.

13. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Third Amended Complaint.

14. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Third Amended Complaint.

15. Defendant admits the allegations of paragraph 21 based on the conduct of Plaintiff's decedent before reaching his SUV.

16. Defendant admits she now knows the allegations of paragraph 22 are true, but denies she knew this information at the time of the shooting.

17. Defendant admits she now knows the allegations of paragraph 23 are true, but denies she knew this information at the time of the shooting.

18. Defendant admits the allegation that Defendant Turnbough said he was present as alleged in paragraph 24 of Plaintiff's Third Amended Complaint.  Defendant denies the remaining allegations contained in paragraph 24.

19. Defendant admits she shot Mr. Crutcher while he was at the driver's door of his SUV as alleged in paragraph 25 of Plaintiff's Third Amended Complaint.  The remaining allegations of paragraph 25 are denied.

20. Defendant admits her shot hit Mr. Crutcher and caused him to start bleeding as alleged in paragraph 26 of Plaintiff's Third Amended Complaint, and that he fell back on the pavement.  Defendant is without sufficient information to form a belief as to the remaining allegations contained in paragraph 26, and therefore denies the same.

21. Defendant admits that Plaintiff's decedent fell backward onto the pavement as alleged in paragraph 27 of Plaintiff's Third Amended Complaint.  Defendant Shelby admits she now knows the remaining allegations of paragraph 27 are true, but denies she knew this information at the time of the shooting.

22. Defendant admits that Defendant Turnbough at some time after the shooting told her to holster her gun or words to that effect as alleged in paragraph 28 of Plaintiff's Third Amended Complaint, but denies the remaining allegations contained therein.

23. Defendant admits the allegation contained in paragraph 29 of Plaintiff's Third Amended Complaint.

24. Defendant admits she never told Mr. Crutcher he was under arrest, as alleged in paragraph 30 of Plaintiff's Third Amended Complaint.  Defendant denies the remaining allegation contained in paragraph 30.

25. Defendant admits she was a certified EMT and that Mr. Crutcher laid on his back with his arms out to each side as alleged in paragraph 31 of Plaintiff's Third Amended Complaint.  Defendant is without sufficient information to form a belief as to the value of the medical equipment she had in her trunk, and therefore denies the same. Defendant denies the remaining allegations contained in paragraph 31 of Plaintiff's Third Amended Complaint.

26. Defendant denies the allegations contained in paragraph 32 of Plaintiff's Third Amended Complaint, as stated.  Defendant does admit she did not provide medical assistance to Mr. Crutcher as alleged in paragraph 32.

27. Defendant admits the allegations contained in paragraph 33 of Plaintiff's Third Amended Complaint.

28. Defendant admits she never told Mr. Crutcher he was under arrest, as alleged in paragraph 34 of Plaintiff's Third Amended Complaint.  Defendant denies the remaining allegation contained in paragraph 34.

29. Defendant denies the allegation contained in paragraph 35 of Plaintiff's Third Amended Complaint.

30. Defendant admits Mr. Crutcher was not committing a violent felony, was not a fleeing felon, and that she followed him while his hands were up as alleged in paragraph 36 of Plaintiff's Third Amended Complaint.  The remaining allegations of paragraph 36 are denied.

31. Defendant denies the allegations contained in paragraph 37 of Plaintiff's Third Amended Complaint.

32. Defendant admits she had a duty to act in an objectively reasonable manner as alleged in paragraph 38 of Plaintiff's Third Amended Complaint.  The remaining allegations of paragraph 38 are denied.

33. Defendant admits an investigation of the shooting was conducted and led by Sgt. Dave Walker as alleged in paragraph 39 of Plaintiff's Third Amended Complaint.  Defendant denies it was an internal investigation, as that term connotes an investigation done by the Internal Affairs division.

34. Defendant admits she was the subject of the TPD investigation and interviewed on September 19, 2015, but is without sufficient information to form a belief as to when Turnbough was interviewed, as alleged in paragraph 40 of Plaintiff's Third Amended Complaint, and therefore denies the same.

35. Defendant is without sufficient information to form a belief as to the allegations contained in paragraph 41 of Plaintiff's Third Amended Complaint, and therefore denies the same.

36. The allegations contained in paragraph 42(a) through 42(h) are not directed toward this answering Defendant and therefore require no response.  To the extent the Court may deem a response is necessary, the allegations are denied.

37. Defendant admits the TPD policy states in part, the allegations made in paragraphs 43, 45, 47, 49, 51, 53, and 55 of Plaintiff's Third Complaint.

38. Defendant Shelby denies the allegations made in paragraphs 44, 46, 48, 50, 52, 54, and 56 of Plaintiff's Third Amended Complaint.

39. Defendant Shelby admits the allegation contained in paragraph 57 of Plaintiff's Third Amended Complaint.

40. Defendant Shelby denies the allegations contained in paragraph 58 of Plaintiff's Third Amended Complaint.

41. Defendant Shelby admits TPD was called and completed a report as alleged in paragraph 59 of Plaintiff's Third Amended Complaint, but denies the remaining allegations as stated.

42. Defendant Shelby admits the content of the TPD report as alleged in paragraph 60 of Plaintiff's Third Amended Complaint, but denies the remaining allegations as stated.

43. Defendant Shelby admits the allegations contained in paragraphs 61 and 63 of Plaintiff's Third Amended Complaint.

44. Defendant Shelby denies the allegations contained in paragraph 62 of Plaintiff's Third Amended Complaint.

45. The allegations contained in paragraphs 64 through 70 are not directed toward this answering Defendant, and therefore require no response.  To the extent the Court determines a response is necessary, Defendant Shelby denies any and all allegations of unconstitutional conduct by either her or any other Defendant.

46. Defendant Shelby admits the language quoted in paragraph 71 is a statement she said. The remaining allegations contained in paragraph 71 of Plaintiff's Third Amended Complaint are denied.

47. The allegations contained in paragraphs 72 through 96 are not directed toward this answering Defendant, and therefore require no response.  To the extent the Court determines a response is necessary, Defendant Shelby denies any and all allegations of unconstitutional conduct by either her or any other Defendant.

48. Paragraph 98 is a statement of law which requires no response.

49. Defendant admits Mr. Crutcher was not a fleeing felon as alleged in paragraph 99 of Plaintiff's Third Amended Complaint. The remaining allegations of paragraph 99 are denied.

50. Defendant denies the allegations contained in paragraph 100 of Plaintiff's Third Amended Complaint.

51. Defendant admits the allegations contained in paragraph 101 of Plaintiff's Third Amended Complaint.

52. Defendant admits Mr. Crutcher was walking away and that she followed him as alleged in paragraph 102 of Plaintiff's Third Amended Complaint.

53. Defendant admits she never told Mr. Crutcher he was under arrest as alleged in paragraph 103 of Plaintiff's Third Amended Complaint. Defendant denies Mr. Crutcher was never warned he would be shot, as her act of pointing her gun at him is considered a non-verbal warning from a police officer.

54. Defendant admits she now knows there were four officers present as alleged in paragraph 104 of Plaintiff's Third Amended Complaint. Defendant denies the remaining allegations contained in paragraph 104.

55. Defendant admits Mr. Crutcher was not committing a violent felony, was not a fleeing felon, and that she followed him while his hands were up as alleged in paragraph 105 of Plaintiff's Third Amended Complaint. The remaining allegations of paragraph 105 are denied.

56. Defendant denies the allegations contained in paragraphs 106, 107, 108, 109, 110, 111, and 112 of Plaintiff's Third Amended Complaint.

57. The allegations contained in paragraphs 114 through 127 are not directed toward this answering Defendant, and therefore require no response.  To the extent the Court determines a response is necessary, Defendant Shelby denies any and all allegations of unconstitutional conduct by either her or any other Defendant.

58. Defendant denies the allegations contained in paragraph 128 of Plaintiff's Third Amended Complaint.

59. Paragraph 130 is a statement of law which requires no response.

60. Defendant denies the allegations contained in paragraphs 131 through 140 of Plaintiff's Third Amended Complaint.

61. The allegations contained in paragraphs 142 through149 are not directed toward this answering Defendant, and therefore require no response.  To the extent the Court determines a response is necessary, Defendant Shelby denies any and all allegations of unconstitutional conduct by either her or any other Defendant.

62. Defendant denies the allegation contained in paragraph 150 of Plaintiff's Third Amended Complaint.

63. The allegations contained in paragraphs 152 through 155 are not directed toward this answering Defendant, and therefore require no response.  To the extent the Court determines a response is necessary, Defendant Shelby denies any and all allegations of unconstitutional conduct by either her or any other Defendant.

64. Defendant denies the allegation contained in paragraph 156 of Plaintiff's Third Amended Complaint.

65. The allegations contained in paragraphs 158 through 177 are not directed toward this answering Defendant, and therefore require no response.  To the extent the Court

9

determines a response is necessary, Defendant Shelby denies any and all allegations of unconstitutional conduct by either her or any other Defendant.

66.  Defendant Shelby denies the allegations that she in not entitled to qualified immunity contained in paragraphs 178 of Plaintiff's Third Amended Complaint.

67.  Defendant denies the allegations in Plaintiff's Prayer for relief and states the Plaintiff is not entitled to any of his requested relief.

## AFFIRMATIVE DEFENSES

1.   The Plaintiff has failed to state a cause of action upon which relief can be granted against this answering Defendant.

2.   Defendant Shelby affirmatively states that no constitutional violation took place. Therefore, there can be no liability on the part of Defendant Shelby.

3.   Defendant affirmatively states that Plaintiff's allegations of violations of Tulsa Police Department policies and procedures fail to state a claim, as the policies are irrelevant to any constitutional analysis.

4.   All actions by Defendant Shelby were objectively reasonable and in good faith.

5.   Defendant Shelby was properly trained and supervised.

6.   Defendant Shelby affirmatively states that the injuries, damages or losses sustained by Plaintiff's decedent were solely and proximately caused by his own wrongful and criminal conduct.

7.   Defendant affirmatively states that she had reasonable suspicion or probable cause for any and all actions taken by him, and that she acted at all times objectively reasonable and in good faith.

8.   Defendant Shelby is entitled to qualified immunity.

9. Defendant Shelby states that at all times relative to the claims made by Plaintiff, she acted solely in her capacity as a police officer for the City of Tulsa.

10. Defendant affirmatively pleads indemnity, contribution, and offset.

11. Defendant Shelby reserves the right to amend her answer and add affirmative defenses as discovery continues.

WHEREFORE, having fully answered the Plaintiff's Third Amended Complaint, Defendant Betty Jo Shelby prays that the Plaintiff take nothing by virtue of his complaint and that this Defendant be granted judgment against the Plaintiff for all costs of defending this action, including a reasonable attorney's fee.

 **JURY TRIAL DEMANDED**

Respectfully submitted,

  /s/ Scott B. Wood
Scott B. Wood, OBA #12536
Wood, Puhl and Wood PLLC
2409 E. Skelly Drive, Suite 200
Tulsa, Oklahoma 74105
*Tel* (918) 742-0808 / *Fax* (918) 742-0812
*okcoplaw@aol.com*
and
Shannon M. McMurray, OBA#18965
6660 S. Sheridan Road, Ste. 250
Tulsa, Oklahoma 74133
*Tel. (918) 998-9350*
*shannon@klgattorneys.com*
*Attorneys for Betty Jo Shelby*

**CERTIFICATE OF SERVICE**

This is to certify that on February 1, 2019, I electronically transmitted the foregoing document to the following ECF registrants:

M. David Riggs
Damario Solomon-Simmons
Melvin C. Hall
Ben Crump
Robert Lafferandre
Randall Wood
Jessica Dark
Jeffrey Hendrickson

/s/ Scott B. Wood