**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

MICHAEL MANNING, as the
ADMINISTRATOR of the ESTATE OF
TERENCE CRUTCHER, SR.,

      *Plaintiff,*

    v.

CITY OF TULSA, et al.,

      *Defendants*.

Case No. 4:17-cv-00336-EFM-SH

Honorable Eric F. Melgren

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF OPPOSED MOTION FOR
LEAVE TO SERVE EXPERT DISCLOSURES AND REOPEN
<u>EXPERT DISCOVERY ON A LIMITED BASIS</u>**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

ARGUMENT ..................................................................................................................... 2

    I.    Defendants Identify No Prejudice That Could Justify the Extreme Sanction of Excluding Any Plaintiff Expert From Testifying at Trial. .................. 2

    II.    The Estate Exercised Diligence But, In Any Event, Lack of Diligence Is Not Dispositive. ................................................................................................ 5

    III.    Defendants' Reliance on *Smith* is Misplaced........................................................ 6

CONCLUSION .................................................................................................................. 8

**INTRODUCTION**

Defendants would suffer no cognizable prejudice if the Court permits the Estate to serve its expert disclosures: trial is seven months away, and any burden can be cured on a schedule that moves no trial-related deadline. The Estate, by contrast, would be severely prejudiced by exclusion, forced to try this excessive-force case on a record without balanced expert testimony on police training, protocols, and professional standards. That imbalance would be especially acute in this case because Mr. Crutcher, the only non-officer eye-witness to Defendant Shelby's conduct, is dead. Where, as here, any prejudice can be cured and there is no bad faith, excluding the Estate's experts would exact precisely the "high price to pay for missing a deadline" that courts in this Circuit decline to impose. *Walker v. THI of N.M. at Hobbs Ctr.*, 262 F.R.D. 599, 605 (D.N.M. 2009).

Defendants' opposition never grapples with these issues. Instead, it centers around Rule 16 and whether the Estate has been diligent, while saying almost nothing about the question that governs the relief the Estate seeks: whether the drastic sanction of excluding the Estate's expert disclosures is warranted here. In doing so, Defendants make several fatal concessions. They concede the Estate has not acted in bad faith. Opp. at 17. They concede trial is not imminent. Opp. at 12. They concede that expert testimony may concern relevant subjects. *Id.* They concede that both parties anticipated expert testimony and the Estate stated in 2019 its intent to offer at least one expert. Opp. at 14–15. And, most tellingly, Defendants do not dispute that expert testimony is critical to the Estate's case, given that Officer Shelby killed the critical eyewitness.

Defendants' concessions resolve the majority of the governing *Woodworker's* factors in the Estate's favor. As to the factor Defendants do contest, Defendants do not identify any incurable prejudice from allowing Plaintiff to call expert witnesses at trial. Instead, Defendants invoke only the ordinary tasks of expert discovery that reopening would entail, many of which the Estate had

1

already acknowledged in its opening brief, *see* Mot. at 6, and that the case law confirms do not constitute cognizable prejudice in any event. These complaints can be addressed in a curative schedule the Court can readily order.

Permitting a late disclosure under these circumstances is not an extraordinary remedy. In numerous cases where a party failed to timely serve disclosures, and courts found no good cause to modify a scheduling order, courts have still permitted the late disclosure. *See McPhaul v. Coll. Hills Opco, LLC,* 2025 WL 2229971 (D. Kan. Aug. 5, 2025); *Ikona v. AHC of Overland Park, LLC,* 2022 WL 4245478 (D. Kan. Sept. 15, 2022)*; White Way, Inc. v. Firemen's Ins. Co. of Washington, D.C.*, 2022 WL 17177371 (D. Kan. Nov. 23, 2022); *LoganTree LP v. Garmin Int'l, Inc.*, 339 F.R.D. 171, 186–88 (D. Kan. 2021). Defendants' own opposition confirms the same path is appropriate here.

## ARGUMENT

**I.    Defendants Identify No Prejudice That Could Justify the Extreme Sanction of Excluding Any Plaintiff Expert From Testifying at Trial.**

As the Estate explained in its opening brief, each of the applicable *Woodworker's* factors favor granting the motion. Defendants' opposition only confirms the point—with several concessions further strengthening the Estate's case for relief.

***No unfair surprise or cognizable prejudice to Defendants.*** In addressing prejudice, courts are concerned with "the opposing party's ability to effectively prepare for or otherwise address the substance of a missing or inadequate disclosure." *Davis v. Adam*, 2024 WL 6044850, at *2 (N.D. Okla. Sept. 13, 2024). The ordinary costs and time burdens of litigating a case do *not* qualify as cognizable prejudice. *See id.* Here, all Defendants identify no cognizable prejudice. Rather, they admit they are not surprised the Estate is seeking leave to disclose experts. They concede "[f]rom the outset of this litigation, both parties anticipated expert testimony" and acknowledge that

2

Plaintiff represented in January 2019 that it intended to present at least one expert at trial. *See* Opp. at 14–15. This is therefore not a case where Defendants are blindsided at the eleventh hour by the concept of expert testimony. Instead, Defendants make three arguments on prejudice—all without merit.

*First*, Defendants catalog a series of tasks that reopening expert discovery would require. Opp. at 16. But these are simply the ordinary stages of expert discovery, the same steps every party undertakes whenever experts are disclosed and deposed. The so-called burden Defendants describe is one of effort and expense only, not one of impaired ability to "effectively prepare." *Davis*, 2024 WL 6044850, at *2.

*Second*, Defendants contend that they already litigated summary judgment, a Tenth Circuit appeal, and a pending cert petition on a limited expert record and argue they cannot be "restored to the position they would have occupied." Opp. at 16. But losing a strategic advantage due to the Estate's failure to timely serve expert disclosures is not the prejudice with which courts are concerned. *Gillum* is instructive. There, the Court noted the United States' argument that it was "permanently deprived" of the opportunity to confront an expert witness "flat-footed" at a deposition was "not the type of prejudice that justifies the exclusion of an expert's testimony." *Gillum v. United States*, 309 Fed. App'x 267, 270 (10th Cir. 2009). The Court stressed "[t]he parties to a litigation are not merely players in a game, trying to catch each other out. Rather, *litigation should promote the finding of the truth, and, wherever possible, the resolution of cases on their merits*." *Id.* (emphasis added). Here, Defendants' complaint is not that they cannot respond to the Estate's experts, but rather that the disclosure would cost them the advantage they had when the Estate had no experts. That is not the kind of prejudice the law protects.

*Third*, they argue that "Plaintiff seeks to alter the evidentiary record upon which this case

has been litigated for more than three years." Opp. at 15. Not so. The Estate is not seeking to reopen fact discovery. The Estate simply moves for leave to offer expert testimony to put the *existing* evidentiary record in context for the jury and to rebut the four experts Defendants themselves intend to call at trial. The lack of cognizable prejudice to Defendants clearly favors the Estate.

*Any prejudice can be cured within the existing trial schedule.* Defendants do not contend that the purported prejudice they identify is incurable. Instead, they argue that the absence of bad faith does not outweigh "the inability to cure that prejudice *without reopening expert discovery.*" Opp. at 17 (emphasis added). But that formulation presumes its own answer: the prejudice Defendants identify *can* be cured even alongside reopening expert discovery, which is precisely the relief the Estate seeks. Tellingly, Defendants do not substantively engage with *any* of the cases the Estate cited in its opening brief. Those cases show that courts routinely cure the exact litigation burdens Defendants invoke here:

- In *Gillum*, the Tenth Circuit held that "any prejudice accruing to the United States from an inadequate opportunity to prepare for the first deposition" could be cured by an additional deposition at the plaintiff's expense. 309 F. App'x at 270.

- In *McPhaul*, the Court cured any prejudice to the non-moving party by allowing them to designate experts and resetting the case schedule. 2025 WL 2229971, at *8–9.

- In *Sibley v. Kane*, the court found any prejudice was cured where the party had two additional months to prepare for the expert's trial testimony after disclosure of the expert report. 2024 WL 967753, at *2 (W.D. Okla. Mar. 5, 2024).

- In *White Way*, the Court found any prejudice could be cured by allowing the non-moving party to review the completed reports, depose the newly disclosed experts, and supplement

4

or serve its own reports.  2022 WL 17177371, at *7.

- In *Ikona*, the Court found that any prejudice the defendant may suffer "from an extension of Plaintiffs' expert witness deadlines" could be cured by a "commensurate extension" to defendant's expert witness deadlines.  2022 WL 4245478, at *8.

These cases provide a roadmap for implementing curative measures, not exclusion of critical expert testimony.  Defendants do not even attempt to distinguish any of them.

*Defendants concede no bad faith.*  Defendants "do not contend Plaintiff acted in bad faith." Opp. at 17.  This weighs heavily in favor of the Estate's relief, as courts generally reserve exclusion for situations involving bad faith or willfulness.  *See HCG Platinum v. Preferred Prod. Placement Corp., LLC*, 873 F.3d 1191, 1206 (10th Cir. 2017).

*Defendants concede trial is not imminent.*  Defendants concede that "trial is not imminent," Opp. at 12, which forecloses any argument that late disclosure will disrupt the trial.  *See LoganTree LP*, 339 F.R.D. at 188; *Glenn v. Procter & Gamble Co.*, 2009 WL 10688943, at *4 (D. Kan. Sept. 10, 2009) (Melgren, J.) (where a motion is filed before trial, the disruption factor "has little affect on the Court's analysis").  Defendants vaguely claim that reopening expert discovery would disrupt the case's "orderly progression," Opp. at 17, but this general complaint is meaningless without facts supporting prejudice.  It is also not grounded in any case law, which asks whether the disclosure would disrupt the trial itself.  This factor favors the Estate.

## II.    The Estate Exercised Diligence But, In Any Event, Lack of Diligence Is Not Dispositive.

The Estate does not dispute that the expert-disclosure deadline was missed because of an error by counsel representing the Estate during discovery.  But under Rule 16(b)(4) "the standard is not perfection but rather diligence."  *Culver v. Saint Francis Health Sys., Inc.*, 2025 WL 2848493, at *3 (N.D. Okla. Oct. 8, 2025).  For the reasons set forth in the Estate's opening brief,

undersigned counsel submits that the Estate was diligent in working to correct this error and good cause is therefore established here. *See* Mot. at 4-5.

But failure to demonstrate diligence under Rule 16 does not end the analysis. Where, as here, exclusion of expert testimony would "severely hamper" the Estate's ability to prove its claims, the Tenth Circuit requires courts to "consider other lesser sanctions or other measures to cure the prejudice to the opposing party." *McPhaul*, 2025 WL 2229971, at *7; *see HCG Platinum*, 873 F.3d 1206. Courts apply heightened scrutiny precisely because, in cases resting on expert proof, exclusion can be decisive. So, even where a party falls short on diligence, the court must continue to analyze the appropriate remedy. *See, e.g.*, *McPhaul*, 2025 WL 2229971 (finding no good cause but nevertheless allowing the late disclosure); *Ikona*, 2022 WL 4245478 (same); *White Way, Inc.*, 2022 WL 17177371 (same); *LoganTree LP*, 339 F.R.D. 171 (same). Even absent diligence, exclusion is not warranted in these circumstances.

Notably, Defendants do not dispute that the Estate's proposed expert testimony is critical to this case. Terence Crutcher is deceased and cannot testify to the circumstances of his own killing. The Estate must depend on expert analysis to provide the jury with the requisite professional context to evaluate the reasonableness of Officer Shelby's use of deadly force. To exclude the Estate's experts, while Defendants proceed with their own, would leave the jury to evaluate the central question in this case through the eyes of the defense alone. That is precisely why the Tenth Circuit reserves the "drastic" sanction of exclusion for cases of bad faith or where lesser measures are plainly inadequate. *HCG Platinum, LLC*, 873 F.3d at 1206. As that is not the case here, the Court must consider less drastic alternatives and cannot resolve this motion on Rule 16 alone.

### III.   Defendants' Reliance on *Smith* is Misplaced.

Defendants devote a section of their opposition to the six-factor test from *Smith v. United*

6

*States*, 834 F.2d 166 (10th Cir. 1987), arguing those factors "confirm expert discovery should not be reopened." Opp. at 12. But *Smith* does not apply to a belated Rule 26 disclosure. *Smith* addressed a general request to reopen discovery on the eve of trial. Belated disclosure of expert witnesses is governed by Rule 26(a) and, in turn, by Rule 37 and the *Woodworker's* factors. Courts in this Circuit have recognized this distinction. *See Morrison v. Am. Econ. Ins. Co.*, 2025 WL 3250865, at *2 n.1 (D. Colo. Nov. 21, 2025) ("if Plaintiffs were attempting with a late disclosure. . . to introduce the pricing expert's testimony, then the *Woodworker's Supply* factors would be in play"); *Equal Emp. Opportunity Comm'n v. A&A Appliance, Inc.*, 2024 WL 5455803, at *2 n.2 (D. Colo. Oct. 8, 2024) (noting that the Court could find no case law using the *Smith* factors in the context of belated expert disclosures). Accordingly, Defendants' analysis misses the mark and the *Woodworker's* factors control.

Regardless, a limited reopening of expert discovery would also be warranted under *Smith*. As defendants themselves describe it, "[i]n *Smith v. United States*, the plaintiff sought to reopen discovery after receiving multiple extensions and waiting until *immediately* before trial to seek additional discovery." Opp. at 6 (emphasis added). That is not the case here. This is the Estate's first request for relief from the missed expert-disclosure deadline, Opp. at 1, and the Estate seeks relief roughly seven months before the trial. Further, the *Smith* factors themselves favor the Estate, many by defendants' own concessions. *See Smith*, 834 F.2d at 169. Defendants concede that trial is not imminent, *see* Opp. at 12, and that the proposed expert testimony may be relevant, *see id.* As discussed above, Defendants have no incurable prejudice, *supra* 4–5, and the need for expert testimony was foreseeable as both parties anticipated expert witnesses from the outset and the Estate disclosed its intent to offer at least one expert witness, *supra* 2–3. Only the diligence factor and that the motion is opposed arguably favor Defendants, and neither point outweighs the four

factors pointing the other way.  Accordingly, even under Defendants' own framework, a limited reopening is warranted.

## CONCLUSION

For these reasons, the Estate respectfully requests that the Court grant this motion and enter an order granting the Estate leave to serve its expert witness disclosures within 30 days and reopening expert discovery on a limited basis.

Dated:  July 28, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:        /s/ *Karin Portlock*
          Karin Portlock
          Lee R. Crain
          GIBSON, DUNN & CRUTCHER
          LLP
          200 Park Avenue
          New York, NY 10166
          (212) 351-4000
          KPortlock@gibsondunn.com
          LCrain@gibsondunn.com

*Attorneys for Plaintiff*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2026, I electronically transmitted the foregoing document to the following ECF registrants:

Scott Wood
Shannon Michelle McMurray
Jeffrey Calvin Hendrickson
Jessica Lauren Dark
Randall J. Wood
Robert Stevens Lafferandre

*/s/ Karin Portlock*