## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL MANNING, as the ADMINISTRATOR of the ESTATE OF TERENCE CRUTCHER, SR., | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:17-cv-00336-EFM-SH |
| vs. | ) ) | Honorable Eric F. Melgren |
| (1) CITY OF TULSA, a municipal corporation, | ) ) ) | |
| (2) BETTY JO SHELBY, individually, | ) ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT SUPPLEMENTAL BRIEF (SURREPLY) IN OPPOSITION TO PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO SERVE EXPERT DISCLOSURES AND REOPEN EXPERT DISCOVERY ON A LIMITED BASIS**

## I.   PLAINTIFF'S HEIGHTENED-SCRUTINY ARGUMENT FAILS AT ITS PREDICATE BECAUSE EXCLUSION WOULD NOT BE DISPOSITIVE.

The Reply makes an affirmative claim about what this Court is required to do: that "the Court must consider less drastic alternatives and cannot resolve this motion on Rule 16 alone." (Reply at 6). That contention rests entirely on the heightened scrutiny of *HCG Platinum, LLC v. Preferred Product Placement Corp.*, 873 F.3d 1191 (10th Cir. 2017), which the Reply invokes by asserting that exclusion would "severely hamper" the Estate's ability to prove its claims, that expert testimony is "critical to this case," and that the jury would otherwise evaluate the central question "through the eyes of the defense alone." (Reply at 1, 6). But *HCG Platinum* does not condition the Court's obligations on the asserted importance of the evidence. It conditions heightened scrutiny on a specific showing: it applies "where the exclusion of evidence under Rule 37(c)(1) has the necessary effect of a dismissal." *Id.* at 1206. That predicate is absent here, and this record establishes its absence conclusively.

1

The Estate has already litigated this case to a jury trial setting on a record containing no expert disclosure of its own. The claims now set for trial in February 2027 were revived on appellate review on precisely the record Plaintiff describes as fatally deficient. Exclusion of expert testimony the Estate never disclosed cannot have "the necessary effect of a dismissal" of claims that have survived without it.

Plaintiff may respond that surviving summary judgment, where the record is construed in its favor, does not establish that the Estate can carry a trial burden without experts. But that is not the *HCG Platinum* inquiry. The predicate is whether exclusion has the necessary effect of a dismissal — not whether it makes the Estate's case harder to try. Plaintiff has never identified any element of its claims that expert testimony is required to establish.

That distinction is also what separates this case from the authorities on which Plaintiff relies. *Gillum* and *Ikona* were medical cases in which the excluded testimony went to an element the plaintiff could not establish by any other means; without the expert, there was no claim. *See Gillum v. United States*, 309 F. App'x 267, 268–70 (10th Cir. 2009); *Ikona v. AHC of Overland Park, LLC*, 2022 WL 4245478, at *7 (D. Kan. Sept. 15, 2022). An excessive-force claim is not of that character. The reasonableness of an officer's use of force is judged "from the perspective of a reasonable officer on the scene" under *Graham v. Connor*, 490 U.S. 386, 396 (1989), and is a standard the jury applies to the facts before it. Plaintiff identifies no authority holding that police-practices testimony is an element of, or otherwise necessary to, a § 1983 excessive-force claim. Such testimony may be permissible; it is not indispensable.

Nor do the four district court decisions on which the Reply principally relies supply the missing predicate. Plaintiff cites *McPhaul*, *Ikona*, *White Way*, and *LoganTree* for the proposition that courts permit late disclosure even where good cause is absent. (Reply at 2, 6). But on Plaintiff's

2

own description of them, each was resolved by resetting a schedule that remained open: in *McPhaul*, by allowing the non-moving party to designate experts and resetting the case schedule; in *Ikona*, by a "commensurate extension" of the opposing party's expert deadlines; in *White Way*, by permitting review of the completed reports, depositions of the newly disclosed experts, and supplemental or responsive reports; and in *LoganTree*, by extending the disclosure deadline where trial was not imminent. (Reply at 4–5; Mot. at 6–8). Plaintiff does not contend that any of those cases involved a party seeking to reopen a closed expert record after summary judgment, a completed appeal to the court of appeals, and a pending petition for a writ of certiorari. That is the posture here, and it is why a commensurate extension of deadlines cannot restore Defendants to the position they would have occupied had Plaintiff complied with the Scheduling Order.

Plaintiff's remaining rhetorical support fares no better. The Reply returns repeatedly to the fact that Mr. Crutcher is deceased. That fact is not in dispute, and Defendants do not minimize it. But it does not bear on the question presented. A police-practices expert cannot testify to what Mr. Crutcher did, said, or perceived. No expert Plaintiff might now retain would supply the eyewitness account the Reply invokes. The deceased-witness point is offered as though it explains why expert testimony is essential, but the two are unconnected.

Because exclusion would not be dispositive, the ordinary standards govern, and under those standards Plaintiff's three-year delay and unexplained omission are dispositive against it.

## II.   THE REPLY CONFIRMS THE ABSENCE OF ANY EVIDENTIARY SHOWING UNDER RULE 16 AND DOES NOT ADDRESS *TESONE*.

Three briefs into this dispute, Plaintiff still has not stated what the asserted error was. The Reply concedes only that "the expert-disclosure deadline was missed because of an error by counsel representing the Estate during discovery." (Reply at 5). It offers no declaration from any

attorney who represented the Estate during discovery, no affidavit from the Estate, and no explanation of why the omission went unnoticed on May 19, 2023, when Defendants served four expert reports on the very day Plaintiff's disclosures were due. The attorneys said to be responsible remain counsel of record and have submitted nothing. *See* Resp. Ex. 4.

Rule 16(b)(4) requires an adequate explanation for the delay and a showing that the deadline could not have been met despite diligent efforts. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988–89 (10th Cir. 2019). Unsworn assertions by counsel who entered the case in April 2026 concerning events in 2023 are not an evidentiary showing of anything. Plaintiff's Reply does not mention *Tesone*— the controlling Tenth Circuit authority on which Defendants' Response principally relied — at all. On this record, the Court cannot determine whether the omission was an oversight or a litigation choice the Estate now regrets. Rule 16 places that burden on Plaintiff, and Plaintiff has not carried it.

### III.   PLAINTIFF CANNOT DISCLAIM *SMITH* WHILE SEEKING THE RELIEF *SMITH* GOVERNS.

Plaintiff now contends *Smith* has no application to a belated Rule 26 disclosure. (Reply at 6–7). But Plaintiff's own Motion is styled as a motion "to serve expert disclosures *and reopen expert discovery on a limited basis*" and asks this Court to "reopen[] expert discovery." (Mot. at 1, 9, Dkt. 251). *Smith* supplies the Tenth Circuit's framework for whether discovery should be reopened, and Plaintiff cannot invoke a Rule 37 framing to obtain relief it has itself characterized as reopening a closed phase of discovery.

Plaintiff's contrary authority consists of two footnotes from district courts in another district, and neither holds what Plaintiff needs. The *A&A Appliance* footnote records only that the court could locate no case law applying the *Smith* factors to belated expert disclosures. 2024 WL

5455803, at *2 n.2. An absence of authority is not a holding that the framework is displaced. The *Morrison* footnote states that the *Woodworker's Supply* factors "would be in play" had the plaintiffs there sought to introduce the expert's testimony. 2025 WL 3250865, at *2 n.1. That the *Woodworker's* factors are in play does not establish that the *Smith* factors are unavailable. The two frameworks address different questions — whether a closed discovery period should be reopened, and whether a disclosure violation is harmless — and Plaintiff's Motion squarely presents both. In all events, as Defendants' Response demonstrated, the diligence and foreseeability factors under *Smith* weigh decisively against Plaintiff, which announced its intention to call "at least one expert" in January 2019 and then let the deadline pass without action of any kind.

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion in its entirety.

In the alternative, should the Court be inclined to grant Plaintiff relief in any form, Defendants respectfully request that such relief be conditioned so as to mitigate the burden Plaintiff's delay imposes on Defendants: (i) an award to Defendants of the reasonable expenses, including attorney's fees, caused by the failure, *see* Fed. R. Civ. P. 37(c)(1)(A); (ii) leave for Defendants to serve rebuttal or supplemental expert reports on a schedule proposed by Defendants rather than a compressed one; (iii) that the depositions of Plaintiff's experts proceed at Plaintiff's expense and at Defendants' convenience; (iv) express preservation of Defendants' right to challenge the admissibility of any expert opinion Plaintiff discloses, including under Rule 702; (v) that any expert disclosure permitted be limited in number and confined to rebuttal of the subjects addressed by Defendants' four timely disclosed experts; and (vi) that the February 2027 trial setting not be continued.

Respectfully submitted,

/s/ Scott B. Wood
Scott B. Wood, OBA #12536
WOOD, PUHL & WOOD, P.L.L.C.
4037 E. 49th St. S.
Tulsa, Oklahoma 74135
(918) 742-0808 / (918) 607-5946
okcoplaw@aol.com
Attorney for Defendant Betty Jo Shelby

-AND-

/s/ Randall J. Wood
Randall J. Wood
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN LLP
P.O. Box 26350
Oklahoma City, Oklahoma 73126
(405) 235-1611
rwood@piercecouch.com
Attorney for Defendant City of Tulsa

## CERTIFICATE OF SERVICE

This is to certify that on this 4th day of August, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Karin Portlock
Lee R. Crain
Damario Solomon-Simmons
Ben Crump
Robert S. Lafferandre
Randall J. Wood
Jessica L. Dark
Jeffrey C. Hendrickson
Shannon M. McMurray

/s/ *Scott B. Wood*
Scott B. Wood

6