**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MICHAEL MANNING, *as the Administrator of the* ESTATE OF TERENCE CRUTCHER, SR., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 17-cv-336-EFM-SH |
| CITY OF TULSA, *a municipal corporation, et al.*, | ) | |
| Defendants. | ) | |

**MOTION OF DEFENDANTS BETTY SHELBY AND THE CITY OF TULSA FOR ENTRY OF PRETRIAL SCHEDULE AND BRIEF IN SUPPORT**

COME NOW the Defendants Betty Shelby and the City of Tulsa and pursuant to Rule 16(b) of the Federal Rules of Civil Procedure respectfully pray for an order of the Court setting a schedule for completion of pretrial filings before the Jury Trial that is set to begin on February 8, 2027. In support of this Motion, the Defendants submit the following:

As the Court is aware, the Court has previously set this matter for jury trial to start on February 8th, 2027. The sole claim remaining against Betty Shelby is whether Betty Shelby used excessive force against Terence Crutcher in violation of the Fourth Amendment. That claim is brought under 42 U.S.C. § 1983. The only claim remaining against the City of Tulsa is a state law tort claim asserting that Betty Shelby caused the wrongful death of Terence Crutcher and the City of Tulsa is liable for the actions of Betty Shelby under a theory of *respondeat superior*. The City of Tulsa notes that it has a pending Motion for Summary Judgment attacking this sole remaining state law tort claim. See Motion for Summary Judgment at Dkt. 196.

The Defendants note that the Court has not issued a pretrial schedule in advance of the February 8th jury trial date. The Defendants believe that it would be beneficial for the Court, the

Defendants and the Plaintiff to have a clear schedule for submission of final witness and exhibit lists, Motions in Limine, filing of proposed Jury Instructions, and other deadlines that will facilitate an orderly Jury Trial. Thus, the Defendants propose the following pretrial schedule for entry by the Court:

**DEFENDANTS' PROPOSED PRETRIAL SCHEDULE**

| Date | Day | Deadline | Days Before Trial |
|---|---|---|---|
| Nov. 2, 2026 | Mon | File final witness and exhibit lists (will-call / may-call designated; impeachment-only exhibits excluded; amendable thereafter only for good cause) | 98 |
| Nov. 16, 2026 | Mon | Objections to witness and exhibit lists | 84 |
| Nov. 30, 2026 | Mon | Motions in limine and Daubert motions (Daubert as to Defendants' experts only, Plaintiff having disclosed none) | 70 |
| Dec. 1, 2026 | Tue | Exchange proposed jury instructions and verdict forms; exchange marked trial exhibits; exchange demonstrative and illustrative exhibits; any joint request for a written jury questionnaire | 69 |
| Dec. 8, 2026 | Tue | Objections to demonstrative and illustrative exhibits; supplemental exhibit objections arising from the marked exhibits | 62 |
| Dec. 14, 2026 | Mon | Responses to motions in limine and Daubert motions | 56 |
| Dec. 15, 2026 | Tue | File agreed and disputed jury instructions and verdict forms | 55 |
| Dec. 28, 2026 | Mon | Replies in support of motions in limine and Daubert motions | 42 |
| Jan. 8, 2027 | Fri | Deposition designations; notice of deposition testimony offered in lieu of live testimony for unavailable witnesses; Plaintiff circulates first draft of pretrial order | 31 |
| Jan. 15, 2027 | Fri | Counter-designations; objections to deposition designations; stipulations as to authenticity and business records; exchange proposed voir dire; Defendants return their portions of the draft pretrial order | 24 |

| | | | |
|---|---|---|---|
| Jan. 20, 2027 | Wed | Objections to counter-designations; objections to proposed voir dire; file joint stipulation of facts | 19 |
| Jan. 21, 2027 | Thu | Submit agreed proposed pretrial order to chambers | 18 |
| Jan. 25 - Feb. 1, 2027 | — | Pretrial conference, as the Court's calendar permits; parties jointly request rulings on motions in limine and Daubert motions before the conference | 14-7 |
| Feb. 1, 2027 | Mon | Trial briefs (optional) | 7 |
| **Feb. 8, 2027** | **Mon** | **JURY TRIAL BEGINS** | **0** |

As the Court is aware, this case has a complex procedural history. The Defendants presented Motions to Dismiss which ultimately resulted in a number of Plaintiff's claims being dismissed. Thereafter, on February 14, 2023, the District Court directed discovery to proceed on the remaining claims and set a limited scheduling order. See Dkt. 180. In that Scheduling Order, the Court set the following deadlines:

| | |
|---|---|
| Disclosure of expert witnesses | May 19, 2023 |
| Complete discovery | August 18, 2023 |
| Dispositive Motions due | September 1, 2023 |

The Defendants identified expert witnesses and presented expert witness reports on May 19th, 2023, as required. Significantly, the Plaintiff declined to submit any expert witness disclosures.

Following discovery on the remaining claims, the Defendants presented Motions for Summary Judgment. All federal claims were dismissed by the District Court which led to the Plaintiff's recent appeal. The Tenth Circuit reinstated the Section 1983 claim against Betty Shelby alleging excessive force in the shooting of Terence Crutcher, but otherwise affirmed the dismissal of all federal claims against the City of Tulsa.

In the experience of Defense Counsel, by this late date in the history of this case the parties would have already filed witness and exhibit lists. Because of the uniqueness of that procedural history, no witness or exhibit list deadlines have been previously established by the Court. The Defendants ask for a deadline directing the parties to file final witness and exhibit lists no later than November 2nd. This information is critical to the rest of the parties' pretrial preparations. This information needs to be disclosed soon so that the parties can fully identify the scope of Motions in Limine, objections to identified exhibits and witnesses, and prepare any necessary designations and counter designations of deposition testimony, to the extent allowed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Even with the deadline of filing Final witness and exhibit lists by November 2nd, the Defendants' proposed schedule moves expeditiously to trial. The proposed Motion in Limine is only 28 days after the final disclosure of witnesses and exhibits. On the other hand, the Defendants propose a deadline of November 30th, 2026 for Daubert Motions. Since the Plaintiff has never identified any expert witness, this deadline is directed at the Plaintiff. The Plaintiff presumably will be able to easily meet this deadline since the Plaintiff has known the identity and opinions of Defendants' expert witnesses since May of 2023.

In discussing this proposed schedule, the Defendants note that the Plaintiff has filed a Motion to reopen discovery to allow the Plaintiff to hire and disclose new expert witnesses never before revealed (in violation of the Court's prior scheduling order issued at Dkt. 180). The Defendants have opposed that Motion. If the Plaintiff is allowed the opening to inject new expert witnesses into this case, the proposed pretrial schedule and trial date will be disrupted.

Defense counsel have had ongoing discussions with Plaintiff's counsel regarding the need to set a schedule for pretrial filings.

Here is the Plaintiff's proposed schedule:

| Event / Deadline | Plaintiff's Proposal |
|---|---|
| Exchange initial witness and exhibit lists | **Mon., Nov. 16, 2026** |
| Exchange proposed jury instructions and verdict form | **Tue., Dec. 1, 2026** |
| File motions in limine, including any motions to exclude expert testimony under Fed. R. Evid. 702–705 | **Fri., Dec. 4, 2026**<br><br>Plaintiff expressly reserves the right to adjust the date for expert motions pending a ruling on its Motion to Reopen Expert Discovery [ECF 251] |
| File preliminary witness and exhibit disclosures | **Mon., Dec. 7, 2026** |
| File proposed jury instructions and verdict form, and email a copy to chambers in Word or WordPerfect | **Tue., Dec. 15, 2026 (requested and agreed instructions)** |
| File responses to motions in limine | **Fri., Dec. 18, 2026** |
| File replies to motions in limine | Wed., Jan. 6, 2027 |
| File deposition designations, by page and line | **Fri., Jan. 8, 2027** |
| File objections to witness and exhibit disclosures | **Fri., Jan. 8, 2027** |
| Exchange draft proposed pretrial order | **Tue., Jan. 12, 2027** |

| Event / Deadline | Plaintiff's Proposal |
|---|---|
| File counter-designations | **Tue., Jan. 19, 2027** |
| File objections to deposition designations | **Tue., Jan. 19, 2027** |
| Submit agreed proposed pretrial order to chambers by email, in Word | **Thu., Jan. 21, 2027** |
| File proposed voir dire questions, if either party chooses to submit them | **Fri., Jan. 22, 2027** |
| File final witness and exhibit lists | **Mon., Jan. 25, 2027** |
| File objections to counter-designations | **Tue., Jan. 26, 2027** |
| File joint stipulation of facts | **Fri., Jan. 29, 2027** |
| File trial briefs, if either party chooses to submit one | **Mon., Feb. 1, 2027** |
| Mark exhibits and exchange copies | **Mon., Feb. 1, 2027** |
| Provide electronic exhibits to the Court for the Jury Evidence Recording System | **Mon., Feb. 1, 2027** |
| **Pretrial conference, including motions in limine and instructions conference** | **Fri., Feb. 5, 2027** [subject to the Court's availability] |
| **Trial begins** | **Mon., Feb. 8, 2027** |
| Confer and exchange a good-faith list of the witnesses expected to testify the following trial day | **Daily** |

The main point of disagreement is over the exchange and filing of witness and exhibit lists. The Plaintiff has proposed a protracted series of steps for the disclosure of witnesses and exhibits. Plaintiff has proposed an "exchange" of witness and exhibit lists for November 16th which Plaintiff apparently contemplates as mere preliminary disclosures subject to change. Plaintiff then proposes "filing preliminary witness and exhibit lists" on December 7th, which would then be followed by a filing of "Final Witness and Exhibit Lists" on January 25th, 2027. In short, the Defendants would not know of Plaintiff's final witnesses and exhibits **until two weeks before trial.** But discovery was completed in this case years ago. The parties are more than capable of determining their final list of witnesses and exhibits now, not January 25th. Plaintiff's proposed stratagem of structuring the schedule so that Plaintiff can spring new witnesses and exhibits on the Defendants only days before trial is entirely unworkable and unacceptable.

Two other points of disagreement exist. First, the Defendants have proposed that the Pretrial Conference occur during the period of January 25 to February 1, 2027. In the experience of Defense Counsel, it is beneficial to the Court and to all parties for the Final Pretrial Order to be finalized before the eve of trial so that the parties know what issues will or will not be allowed into evidence. On the other hand, Plaintiff has proposed that the Pretrial Conference be delayed until February 5th, 2027, the Friday before the February 8th trial date. Holding the Pretrial Conference at the same time that all parties are completing final trial preparation will be put unnecessary burden on the parties and on the Court.

Second, in the Defendants' proposed schedule the Defendants request that rulings on Motions in Limine and Daubert Motions be made before the Pretrial Conference. This would facilitate preparation of the Final Pretrial Conference Order and a productive pretrial conference. In the Plaintiff's proposed schedule, Plaintiff would delay consideration of the Motions in limine

until the very time of the pretrial conference itself, which the Plaintiff suggests should not occur until February 5th. Delaying ruling on important motions such as Motions in Limine and Daubert Motions until the eve of trial ensures that all of the parties would be facing chaotic trial preparation.

In consideration of the foregoing, the Defendants respectfully request that the Court adopt the Defendants' proposed pretrial schedule as set forth above.

Respectfully submitted,

**Pierce Couch Hendrickson**
**Baysinger & Green, L.L.P.**

s/ Randall J. Wood
Robert S. Lafferrandre, OBA #11897
Randall J. Wood, OBA #10531
Jessica L. Dark, OBA #31236
Jeffrey C. Hendrickson, OBA #32798
1109 North Francis Avenue
Oklahoma City, OK 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
jhendrickson@piercecouch.com

*Attorneys for Defendant the City of Tulsa*

/s/ Scott B. Wood
Scott B. Wood, OBA #12536
Wood, Puhl and Wood PLLC
4037 E. 49th Street
Tulsa, Oklahoma 74135
*Tel* (918) 742-0808 / *Fax* (918) 742-0812
*okcoplaw@aol.com*

and

Shannon M. McMurray, OBA#18965
3015 E. Skelly Drive, Ste. 324
Tulsa, Oklahoma 74105
*Tel. (918) 605-5005*
*shannon@smmattorneyatlaw.com*

*Attorneys for Defendant Betty Jo Shelby*

**CERTIFICATE OF SERVICE**

I hereby certify that on **October 6th**, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all ECF Registrants who have entered an appearance in this matter.

s/ Randall J. Wood
Randall J. Wood