**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

MICHAEL MANNING, as the Administrator of the ESTATE of TERENCE CRUTCHER, SR.,

*Plaintiff,*

v.

CITY OF TULSA, et al.,

*Defendants.*

Case No. 4:17-cv-00336-EFM-SH

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Leave to Serve Expert Disclosures and Reopen Expert Discovery on a Limited Basis (Doc. 251). Specifically, Plaintiff Michael Manning, as the Administrator of the Estate of Terence Crutcher, Sr., requests leave to serve his expert witness disclosures within 30 days of the Court's Order and asks that the Court reopen expert discovery on a limited and expedited basis. Defendants City of Tulsa and Betty Jo Shelby oppose the Motion. For the reasons stated below, the Motion is granted in part and denied in part.

## I. Background

The Court entered a Scheduling Order (Doc. 180) on February 14, 2023. The Scheduling Order set May 19, 2023, as the deadline for expert witness disclosures. Defendants disclosed four experts during this original discovery period. Plaintiff disclosed none. Following the expiration of the expert disclosure deadlines, the case proceeded through dispositive motions, an appeal to the

Tenth Circuit, and a petition for writ of certiorari with the United States Supreme Court. The case is currently set for jury trial for February 8, 2027 through February 19, 2027.

After the May 19, 2023 expert disclosure deadline, Plaintiff acquired new counsel to handle Plaintiff's appeal—with the new counsel appearing in this lawsuit in April 2026. Plaintiff's new counsel asserts that, upon recent review of the file, they discovered that Plaintiff's former counsel never served expert disclosures. Upon discovery of this oversight, Plaintiff's counsel conferred with Defendants, who oppose the reopening of discovery, and filed the present Motion.

## II. Legal Standard

A party that fails to disclose a witness as required by Rule 26(a) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[1] Whether a failure is substantially justified or harmless is within the sound discretion of the court, guided by "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[2]

"A schedule may be modified only for good cause and with the judge's consent."[3] "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts."[4] "Good cause also obligates the moving party to provide an

---

[1] Fed. R. Civ. P. 37(c)(1).

[2] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

[3] Fed. R. Civ. P. 16(b)(4).

[4] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotation marks and citation omitted).

adequate explanation for any delay."[5]

## III. Analysis

Plaintiff asks the Court leave to serve his expert disclosures out of time. Plaintiff also asks that the Court reopen discovery so that Plaintiff may engage in limited and expedited expert discovery. Plaintiff acknowledges that the expert discovery deadline passed years ago but attributes Plaintiff's inability to meet this deadline to an error by Plaintiff's prior counsel. Plaintiff emphasizes that excluding his experts would severely prejudice Plaintiff, while permitting the late disclosure would not prejudice Defendants given the substantial time remaining before trial.

Defendants oppose Plaintiff's request, citing Plaintiff's lack of diligence in meeting the original deadline, Plaintiff's inability to demonstrate that his failure was substantially justified or harmless, and the prejudice that will result should the Court permit Plaintiff to disclose his experts.

For reasons explained below, the Court will permit Plaintiff to serve his expert disclosures out of time subject to the Court's specifications under Rule 37(c)(1). But the Court denies Plaintiff's request to reopen discovery on the basis of Rule 16(b)(4) because Plaintiff has failed to show good cause.

### A. Leave to Disclose Experts Out of Time

Plaintiff's principal request is that the Court grant permission for Plaintiff to serve expert disclosures even though the original deadline has passed. This question is governed by Rule 37(c)(1), which prohibits a party from using information disclosed out of time "unless the failure was substantially justified or is harmless."[6] "The determination of whether a Rule 26(a) violation

[5] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (internal quotation marks and citation omitted).

[6] Fed. R. Civ. P. 37(c)(1).

is justified or harmless is entrusted to the broad discretion of the district court."[7] The Tenth Circuit provides the following factors to guide this determination: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[8] Here, subject to the Court's conditions, the Court finds that Plaintiff's late disclosure is harmless.

As to the first factor, the Court is conscious of Defendants' position that the reopening of discovery would require them to prepare rebuttal opinions, conduct expert depositions, and otherwise prepare for additional expert testimony at trial. These tasks, however, are largely routine in expert discovery. Although the Court agrees that these tasks should have been properly completed during the original expert discovery period had Plaintiff timely made his disclosures, Defendants identify no insurmountable prejudice given the current trial setting.

The Court will also take steps to cure any prejudice Defendants may suffer from Plaintiff's late disclosures. Defendants request: (1) an award to Defendants of the reasonable expenses, including attorney's fees, caused by Plaintiff's late disclosure; (2) leave for Defendants to serve rebuttal or supplemental expert reports on a schedule proposed by Defendants rather than a compressed one; (3) that the depositions of Plaintiff's experts proceed at Plaintiff's expense and at Defendants' convenience; (4) express preservation of Defendants' right to challenge the admissibility of any expert opinion Plaintiff discloses, including under Rule 702; (5) that any expert disclosure permitted be limited in number and confined to rebuttal of the subjects addressed

[7] *Woodworker's Supply, Inc.*, 170 F.3d at 993 (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).

[8] *Id.*

by Defendants' four timely disclosed experts; and (6) that the February 2027 trial setting not be continued.

The Court denies Defendants' request to limit Plaintiff's disclosures to rebuttal experts but grants several of Defendants' remaining requests under Rule 37(c)(1)(C). The Court will permit Defendants to take expert discovery of Plaintiff's newly disclosed witnesses to mitigate the prejudice from Plaintiff's untimely disclosures. Defendants may depose Plaintiff's disclosed experts at Plaintiff's expense. Defendants may also serve supplemental reports from their existing experts and disclose rebuttal experts in response to Plaintiff's experts; however, Plaintiff will be entitled to depose Defendants' experts on any newly disclosed supplemental or rebuttal reports. Defendants may challenge the admissibility of any expert opinion Plaintiff discloses.[9] Additionally, Plaintiff's disclosures must be limited to the subjects described in his briefing, namely the reasonableness of Officer Shelby's use of deadly force and its consistency with police custom and practices and forensic analysis of the helicopter and dashcam video footage showing the incident.

---

[9] Courts have permitted late disclosures on comparable conditions. *See, e.g.*, *Gillum v. United States*, 309 F. App'x 267, 270 (10th Cir. 2009) (reversing exclusion because prejudice from deficient expert report could be cured through additional deposition at plaintiff's expense); *White Way, Inc. v. Firemen's Ins. Co. of Washington, D.C.*, 2022 WL 17177371, at *7 (D. Kan. Nov. 23, 2022) (permitting late expert disclosures on conditions that plaintiff serve complete disclosures by a set date, limited to identified experts, and that the defendant have time to serve supplemental or new expert disclosures without affecting the trial date); *Cope v. Auto-Owners Ins. Co.*, 2022 WL 889098, at *2–3 (D. Colo. Mar. 25, 2022) (allowing late expert disclosures subject to the condition that plaintiff pays fees and costs and directing the parties to confer on a schedule); *see also Ikona v. AHC of Overland Park, LLC*, 2022 WL 4245478, at *8 (D. Kan. Sept. 15, 2022) ("Any prejudice AHC may suffer from an extension of Plaintiffs' expert witness deadlines can and will be cured by a commensurate extension to AHC's expert witness deadlines."); *Sibley v. Kane*, 2024 WL 967753, at *2 (W.D. Okla. Mar. 5, 2024) (finding prejudice cured where the party had two months to prepare for the expert's trial testimony after disclosure of the expert report).

The February 2027 trial will not be disturbed by Plaintiff's late disclosures. Indeed, the Court observes that Plaintiff's ability to present experts is necessary to ensure that this case is resolved on the merits, particularly because Mr. Crutcher, a key eyewitness, is deceased.[10]

Lastly, Defendants concede that Plaintiff did not act in bad faith. Thus, the *Woodworker's* factors support permitting Plaintiff to disclose his experts subject to the Court's mitigating conditions.

**B. Request to Reopen Discovery**

While Plaintiff clarifies that his Motion centers on Rule 37 relief for a belated Rule 26 disclosure, he also asks the Court to modify its scheduling order and reopen discovery on a limited and expedited basis under Rule 16(b)(4). Plaintiff explains that his former counsel overlooked the original expert disclosure deadline because of a calendaring error and that present counsel promptly seeks relief. Plaintiff argues that this expeditious attempt to rectify the error meets Rule 16(b)(4)'s good cause standard. Defendants counter that Rule 16(b)(4) is not concerned with what happened after current counsel discovered the missed deadline, but with why the deadline could not be complied with despite diligent efforts. The Court agrees with Defendants.

As a threshold matter, Plaintiff cannot disclaim responsibility for the missed deadline by attributing fault to former counsel. "The Supreme Court has long held that litigants are to be held accountable for the acts and omissions of their attorneys."[11]

Further, even if Plaintiff could foist the failure to timely disclose on his former counsel, his efforts to cure the error several years after the disclosure deadline makes no difference. "The

[10] *See Gillum*, 309 F. App'x at 270 (explaining that "litigation should promote the finding of the truth, and, wherever possible, the resolution of cases on their merits").

[11] *Viking Ins. Co. of Wisconsin v. Baize*, 753 F. App'x 549, 554 (10th Cir. 2018) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962)).

actions Plaintiff took *after* [he] missed a deadline do not demonstrate diligence [in] trying to meet that deadline . . . ."[12] Additionally, Plaintiff does not explain what the alleged error *was* or why this error prevented former counsel from diligently complying with the Court's Scheduling Order.[13] The absence of an "adequate explanation" also warrants denial of Plaintiff's request to modify the Scheduling Order under Rule 16(b)(4).[14]

Further, the Tenth Circuit has identified the following factors as relevant for determining whether a party's request to reopen discovery should be granted:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[15]

The *Smith*[16] factors weigh in favor of denying Plaintiff's request to reopen discovery. Defendants acknowledge that trial is not imminent and that Plaintiff proposes relevant expert testimony. But, as already remarked on above, Plaintiff was not diligent in obtaining discovery within the guidelines established by the Court. Moreover, Plaintiff expressed an intent to present an expert at trial in his discovery responses, and Plaintiff's proposed subjects of expert testimony

---

[12] *Equal Emp. Opportunity Comm'n v. A&A Appliance, Inc.*, 2024 WL 5455803, at *3 (D. Colo. Oct. 8, 2024).

[13] *See Gorsuch, Ltd., B.C.*, 771 F.3d at 1240 (explaining that Rule 16's good cause requirement may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed").

[14] *See Tesone*, 942 F.3d at 989.

[15] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (citations omitted); *SIL–FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990).

[16] Plaintiff contends that the six-factor test in *Smith* does not apply to his Motion because *Smith* does not apply to a belated Rule 26 disclosure. However, Plaintiff's Motion is not just a request to serve late disclosures. As Defendants correctly observe, Plaintiff also explicitly asks that discovery be reopened. Such a request is governed by the *Smith* factors.

were foreseeable during the Court's prescribed discovery period. The Court declines Plaintiff's request to modify the Court's Scheduling Order and reopen discovery under Rule 16(b)(4).[17]

Thus, Plaintiff's disclosures remain untimely under the Court's Scheduling Order and are only permitted under Rule 37(c)(1). The Court only authorizes additional curative expert discovery under Rule 37(c)(1)(C) to mitigate the prejudice from Plaintiff's untimely disclosures. Plaintiff may not take depositions of Defendants' experts on opinions disclosed during the discovery period.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Leave to Serve Expert Disclosures and Reopen Expert Discovery on a Limited Basis (Doc. 251) is **GRANTED IN PART** and **DENIED IN PART** as set forth below.

Plaintiff's request to serve expert disclosures out of time is **GRANTED**, subject to the following conditions:

(1) Plaintiff may disclose experts on police training, protocols, and standards and the reasonableness of Officer Shelby's use of deadly force consistent with police custom and practices as well as forensic analysis of the helicopter and dashcam video footage showing the incident.

(2) Plaintiff must serve complete Rule 26(a)(2)(B) disclosures within 21 days of this Order.

(3) Within seven days of Plaintiff's disclosures, the parties shall meet and confer and file a joint notice setting dates for (a) Defendants' depositions of Plaintiff's experts; (b) Defendants' supplemental reports and disclosure of any new rebuttal experts; and (c) Plaintiff's

---

[17] Plaintiff's inability to establish good cause does not bar relief under Rule 37(c). *See Equal Emp. Opportunity Comm'n*, 2024 WL 5455803, at *2–4 (moving to Rule 37(c) analysis after finding that movant failed to meet Rule 16(b) standard); *Wood v. Cendant Corp.*, 2006 WL 8457171, at *1–3 (N.D. Okla. Jan. 6, 2006) (permitting late-produced evidence under Rule 37 despite finding no good cause under Rule 16(b)); *Vinson v. Michigan Dep't of Corr.*, 2018 WL 1312400, at *1 (E.D. Mich. Mar. 14, 2018) (affirming order permitting untimely expert disclosures as harmless under Rule 37(c)(1) and rejecting argument that failure to show good cause under Rule 16(b)(4) barred the disclosures).

depositions of any such experts, limited to new or supplemental opinions.

(4) Plaintiff is not permitted to depose Defendants' experts on their original opinions disclosed during the expert discovery period.

(5) Plaintiff shall pay his experts' deposition fees and the associated court-reporter costs as incurred for the depositions of his expert witnesses.

(6) Rule 702 motions directed to opinions disclosed under this Order shall be filed in accordance with the Court's Pretrial Scheduling Order to be entered at a later date.

Plaintiff's request to modify the Court's Scheduling Order and reopen discovery under Rule 16(b)(4) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 16th day of October, 2026.

Eric F. Melgren

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE